**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SCOTT A. SOLLIS,

    Plaintiff - Appellant,

v.

RICK RAEMISCH; LT. CONTES,

    Defendants - Appellees.

No. 16-1200
(D.C. No. 1:16-CV-00325-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Scott Solis is a Colorado prisoner. Invoking 42 U.S.C. § 1983,

he sued for failure to provide a required assessment, communication of

misinformation, and refusal to provide a protective custody form or a full

report on custody issues. The district court summarily dismissed the

claims, reasoning that the allegations would not constitute a violation of

---

[*]    Oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the Eighth Amendment. Mr. Solis appeals, arguing that he asserted claims for denial of due process and equal protection rather than violation of the Eighth Amendment. We affirm.

In the amended complaint, Mr. Solis based his claims on a denial of due process and equal protection. We may assume, for the sake of argument, that the district court erred in treating the claims as if they had been based on the Eighth Amendment. With this assumption, however, we would need to determine whether the due process and equal protection claims would have been frivolous. In our view, they would have been.

For a due process claim, Mr. Solis had to plead facts that would have plausibly alleged an atypical and significant hardship in relation to the ordinary incidents of prison life. *Gee v. Pacheco*, 627 F.3d 1178, 1193-94 (10th Cir. 2010). Changes in classification would not ordinarily suffice as an atypical and significant hardship. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). But there is nothing else to suggest an atypical and significant hardship on Mr. Solis in relation to the ordinary incidents of prison life. As a result, the due process claim is frivolous.

Mr. Solis also asserts a denial of equal protection. But he does not say how he was treated differently than anyone else. As a result, the equal protection claim is frivolous. *See Fogle v. Pierson*, 435 F.3d 1252, 1260-61 (10th Cir. 2006).

Because the due process and equal protection claims were frivolous, we affirm the dismissal.

Mr. Solis not only appeals but also requests leave to proceed in forma pauperis. We grant the request because Mr. Solis is unable to afford the filing fee.[1] As a result, we excuse Mr. Solis from prepaying the filing fee. But leave to proceed in forma pauperis does not relieve Mr. Solis of his ultimate obligation to pay the filing fee. *See* 28 U.S.C. § 1915(b)(2).

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] We have the discretion to deny leave to proceed in forma pauperis when someone lacks good faith to appeal. 28 U.S.C. § 1915(a)(3). As discussed in the text, Mr. Solis's claims in district court were frivolous. But we do not question Mr. Solis's good faith in bringing the appeal. In the amended complaint, Mr. Solis invoked the rights to due process and equal protection, not the Eighth Amendment. Without legal representation or a legal education, Mr. Solis could legitimately question summary dismissal of the amended complaint on a theory that he had not invoked in the amended complaint.